IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERRY WOODARD | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-12-160 |
| J. PHILLIP MORGAN | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

The self-represented plaintiff Kerry Woodard ("Woodard") has filed his Complaint pursuant to 42 U.S.C. §1983. Defendant Warden J. Philip Morgan by his attorneys moves to dismiss or, in the alternative for summary judgment (ECF No. 18). Woodard also moves for summary judgment. (ECF Nos. 12 and 17). After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Woodard's motions for summary judgment will be DENIED; Defendant's motion to dismiss or for summary judgment, construed as a motion for summary judgment (ECF No. 18) will be GRANTED: judgment will be ENTERED in favor of Defendant Morgan: and the case will be closed.

### Background

Woodard alleges he was notified on June 23, 2011, by the Western Correctional Institution (WCI) commitment office that 500 good conduct credits[1] had been revoked at two different adjustment hearings occurring on April 10, 2007 and May 1, 2007. ECF No. 1 at p. 4. He states he did not receive advance written notice of the charges, nor did he receive a statement

---

[1] Defendants assert the amount of good conduct credits revoked as a result of the adjustment proceedings at issue was 300 credits, not 500 as Plaintiff alleges.

of the evidence relied upon, the facts found or the reasons supporting the disciplinary decision revoking the credits. Woodard claims he was not provided the opportunity to prepare a defense or to call witnesses on his behalf because the two hearings were held without his presence. *Id*. Woodard asserts he is being deprived of his liberty by virtue of the revoked credits and seeks restoration of the credits. *Id*. at p. 5.

Defendant asserts the following facts relevant to Woodard's claims. On April 10, 2007, Officer Whiteside, a correctional officer at Maryland Correctional Training Center (MCTC) issued a Notice of Rule Violation and Disciplinary Hearing to Woodard for multiple rule violations[2] because Woodard threatened to "get physical" with Whiteside.[3] ECF No. 18 at Ex. 1. Officer Hughes served Woodard with the Notice on April 11, 2007, but Woodard refused to sign indicating he received it. *Id*. Hughes verified Woodard's identity and gave him a copy of the notice. On April 27, 2007, Woodard was given an adjustment hearing. Records indicate that Woodard attended the hearing. *Id*. at Ex. 2. The hearing was postponed when Woodard refused to sign the Inmate Hearing Record, claiming he did not know what rules he was being charged with violating. *Id*.

On April 18, 2007, Woodard was charged with violating institutional rule 104 because he wrote a death threat on a prison wall against Officers Whiteside and Hughes.[4] ECF No. 18 at Ex. 3. Woodard was served with the Notice of Rule Violation and Disciplinary Hearing on April 19,

---

[2] Woodard was charged with violating rules 104, 312, 400, and 405. ECF No. 18 at Ex. 1.

[3] Woodard was alleged to have said to Whiteside, "If you try to stop me I'll get physical with you." And "I'll have your fucking job Whiteside, I'll lie and tell everyone you are bringing in tobacco and cell phones." ECF No. 18 at Ex. 6, p. 2.

[4] The death threat consisted of a drawing of a tombstone on Woodard's cell wall with two names of correctional officers who were murdered by inmates in the line of duty (Toulson and Wroten). On the same tombstone the names of Officers Whiteside and J. Hughes were written with the word "next" above their names. ECF No. 18 at Ex. 6, pp. 2 – 3, 9 and 10. Woodard did not share the cell with another inmate. *Id*. at p. 3.

2007, but again refused to sign the notice indicating he had received it. After verifying Woodard's identity, the notice was given to Woodard.

Woodard did not indicate he wanted any witnesses on either the April 10, 2007 notice or the April 18, 2007 notice. Failure to request witnesses on the form is deemed a waiver of the right to call witnesses at the hearing. ECF No. 18 at Ex. 3. On May 1, 2007, Officer Godlove served Woodard with a notice to attend a hearing for both infractions. *Id*. at Ex. 4. Woodard would not sign a waiver of his rights to attend the hearing, which generally indicates that the inmate wants to attend the hearing. However, Woodard orally waived his right to appear at the hearing and Godlove recorded the oral waiver on the applicable forms.[5] *Id*. at Ex. 4 and 5.

Woodard was found guilty in absentia of rule 104[6] for the April 10, 2007 incident and of rule 104 for the April 18, 2007 incident. As a penalty Woodard was sentenced to disciplinary segregation and 150 days of good conduct was revoked for each offense, for a total loss of 300 days of good conduct time. ECF No. 18 at Ex. 6. Woodard again refused to sign the Inmate Hearing Record document following the hearing. He was placed on disciplinary segregation on May 1, 2007. *Id*. at Ex. 7.

On May 8, 2007, the disciplinary decision was affirmed by the Warden. ECF No. 18 at Ex. 8 and 9. Woodard signed acknowledgments of receipt of the warden's review for both cases; the review indicates that the warden has "reviewed the attached hearing officer's decision and . . . affirm[s] the hearing officer's decision and sanctions." *Id*.

---

[5] Woodard reportedly said, "What did I just tell you, I ain't signing shit. And I ain't going in front of that fucking Nastri." ECF No. 18 at Ex. 5.

[6] Rule 104 prohibits use of intimidating, coercive, or threatening language. COMAR 12.02.27.04(B)(5).

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, this Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

**Analysis**

In his Motions for Summary Judgment, Woodard asserts that counsel for Defendant was allowed ample time to respond to his Complaint and this Court should simply grant judgment in his favor because the delay in responding is causing Woodard to be incarcerated unnecessarily. ECF No. 12 and 17. Additionally, Woodard claims in his Response in Opposition that Defendant did not respond to the Complaint in a timely fashion. ECF No. 20. The fact that Defendant sought and was granted Motions for Extension of Time in this case does not entitle Woodard to judgment in his favor. Defendant's response was timely and Woodard's assertions are without merit.

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (*citing Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-571.

The undisputed record reflects that Woodard received a copy of the inmate hearing record[7] with the warden's review affirming the guilty findings.  ECF No. 20 at p. 1.  Woodard denies waiving his right to attend the hearing and claims he would have received an additional charge if he had spoken to the officer in the manner reflected on the waiver.  *Id*. at p. 2.  The Court finds this argument unpersuasive.  If Woodard's claims are believed, he did in fact know the details regarding both infractions when he signed the receipt of the warden's review and, at that time, he was free to raise all the procedural challenges to the adjustment convictions he raises here.  His failure to take action at that time indicates he knew about the circumstances of the charges and of his waiver.  It is clear Woodard waived his due process rights by electing not to participate in the process or to attend the hearing.   Thus, the federal claim of denial of due process is unsupported by the evidence entitling Defendant to summary judgment in his favor.

Woodard raises for the first time in his Response in Opposition a claim that his adjustment convictions are invalid under the Maryland Court of Appeals decision in *Massey v. Secretary Department of Public Safety and Correctional Services*, 389 Md. 496 (2005).  ECF No. 20 at p. 2.  The Court declines to exercise supplemental jurisdiction over this state law claim.  *See* 28 U.S.C. § 1367(c).

A separate Order follows.

August 21, 2012                            _____/s/_____
Date                                                      RICHARD D. BENNETT
                                                         UNITED STATES DISTRICT JUDGE

---

[7] The hearing record explains in detail what evidence was relied upon to reach the conclusion that Woodard was guilty and included pictures of the death threat on his cell wall.  ECF No. 18 at Ex. 6.